HELEN M. LUETTO, State Bar No. 119478
hluetto@wfbm.com
MARLENE K. FLORES, State Bar No. 304302
mflores@wfbm.com
WFBM, LLP
Attorneys at Law
19900 MacArthur Blvd., Suite 1150
Irvine, California 92612-2445
Telephone:  (714) 634-2522
Facsimile:   (714) 634-0686

Attorneys for Defendants, AGA SERVICE COMPANY and JEFFERSON INSURANCE COMPANY

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA, EASTERN DIVISION

| | |
|---|---|
| BORIS ANTL, an individual,<br><br>Plaintiff,<br><br>v.<br><br>AGA SERVICE COMPANY, a Virginia Corporation; JEFFERSON INSURANCE COMPANY, a Virginia Corporation, and DOES 1-10, inclusive,<br><br>Defendants. | Case No. 2:22-cv-00504-KJM-AC<br><br>**DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS PURSUANT TO FED R. CIV. P. 12(b)(6)**<br><br>Date:  October 7, 2022<br>Time:  10:00 a.m.<br>Crtrm.:  3 |

TO PLAINTIFF AND HIS ATTORNEYS OF RECORD HEREIN:

PLEASE TAKE NOTICE that on **October 7, 2022,** at 10:00 a.m., or as soon thereafter as the matter may be heard in Courtroom 3 of the above-entitled Court located at Robert T. Matsui United States Courthouse, 501 I Street, Sacramento, CA  95814, defendants AGA Service Company and Jefferson Insurance Company (hereinafter referred to as "defendants"), will move pursuant to Federal Rule of Civil Procedure 12(b)(6) for an order dismissing the fourth cause of action for Deceit/Intentional Misrepresentation contained in the second amended complaint ("SAC") on the grounds that Plaintiff Boris Antl's  (hereinafter referred to as

"Plaintiff" or "Mr. Antl") fourth cause of action fails to state a claim upon which relief can be granted.

Defendants will further move pursuant to Federal Rule of Civil Procedure 12(b)(6) for an order dismissing the seventh cause of action for Violation of Business & Professions Code 17200 contained in the second amended complaint on the grounds that the Plaintiff's seventh cause of action fails to state a claim upon which relief can be granted.

This motion is made following the conference of counsel which took place on August 15, 2022.

This motion is based on this notice of motion and motion, the memorandum of points and authorities, the declaration of Helen M. Luetto, the request for judicial notice filed concurrently herewith, the papers and records on file with this Court, and on any such oral and documentary evidence as may be presented at the time of hearing on this motion.

Dated: August 16, 2022     WFBM, LLP

By: _____
HELEN M. LUETTO
MARLENE K. FLORES
Attorneys for Defendants, AGA SERVICE COMPANY and JEFFERSON INSURANCE COMPANY

# TABLE OF CONTENTS

Page

1. INTRODUCTION ........................................................................................... 6
2. STATEMENT OF ISSUES ............................................................................ 7
3. STATEMENT OF FACTS ............................................................................. 7
4. PLEADING AND 12(b)(6) MOTION STANDARDS ................................... 8
5. THE PLAINTIFF'S SECOND AMENDED COMPLAINT FAILS TO CURE THE DEFECTS IDENTIFIED IN THE PRIOR PLEADING .............. 9
   A. The Requirements of Federal Rule of Civil Procedure 9(b) ............ 9
   B. Plaintiff's Fourth Cause of Action for Deceit/Intentional Misrepresentation Fails ................................................................... 11
   C. Plaintiff's Seventh Cause of Action for Violation of Business & Professions Code 17200 is Similarly Defective ............................. 14
6. CONCLUSION ............................................................................................ 17

# **TABLE OF AUTHORITIES**

**Page**

## **CASES**

*Alan Neuman Prods., Inc. v. Albright*, 862 F.2d 1388, 1393 (9th Cir.1988) ............10

*Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009).........................................................8

*Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) .........................................8

*Blank v. Kirwan*, 39 Cal.3d 311, 329 (1985)............................................................15

*Cel-Tech Commc'ns, Inc. v. Los Angeles Cellular Telephone Co.*, 20 Cal.4th 163, 180 (1999) ...................................................................................................15

*Cook, Perkiss and Liehe, Inc. v. N. Cal. Collection Serv. Inc.*, 911 F.2d 242, 247 (9th Cir. 1990) ......................................................................................................8

*Cooper v. Pickett*, 137 F.3d 616, 627 (9 Cir.1997) ....................................................10

*Cooper v. Pickett,* 137 F.3d 616, 627 (9th Cir. 1997)................................................13

*Deutsch v. Flannery,* 823 F.2d 1361, 1365-66 (9th Cir. 1987) ................................11

*Farmers Ins. Exchange v. Superior Court*, 2 Cal.4th 377, 383 (1992) ....................15

*Gottreich v. San Francisco Investment Corp.*, 552 F.2d 866, 866 (9th Cir. 1997) ...................................................................................................................10

*Gottreich v. San Francisco Investment Corp.,* 552 F.2d 866, 866 (9th Cir. 1977) ...................................................................................................................11

*In re Estate of Young*, 160 Cal. App. 4th 62, 79 (2008)..............................................9

*In re Genentech Securities Litigation,* 1990 WL 32070, *4-5 (N.D.Cal. 1990).......11

*In Re Glenfed, Inc. Securities Litigation*, 42 F.3d 1541, 1547-1548 (9 Cir. 1994) ...................................................................................................................10

*Khoury v. Maly's of California, Inc.*, 14 Cal.App.4th 612, 619, 17 Cal.Rptr.2d 708 (1993) ..........................................................................................................16

*Lazar v. Superior Court*, 12 Cal. 4th 631, 638 (1996) ...............................................9

*Medical Instrument Development Laboratories v. Alcon Laboratories,* 2005 WL 1926673, at 5 (N.D. Cal. 2005)....................................................................16

*Nat'l Rural Tel. Cooperative. v. DirecTV, Inc.*, 319 F.Supp.2d 1059, 1074-75 (C.D. Cal. 2003) .................................................................................................16

*Neubronner v. Milken*, 6 F.3d 666, 671-672 (9th Cir. 1993) ...................................10

WALSWORTH
19900 MACARTHUR BLVD., SUITE 1150
IRVINE, CALIFORNIA 92612-2445
TEL (714) 634-2522 • FAX (714) 634-0686

6277183.1
4657-3.5980

*Neubronner v. Milken*, 6 F.3d 666, 671-72 (9th Cir. 1993) ....................................... 11

*Parks Sch. of Bus., Inc. v. Symington*, 51 F.3d 1480, 1484 (9th Cir. 1995) ................ 8

*People v. McKale*, 25 Cal.3d 626, 631-632 (1979) .................................................... 15

*Saunders v. Superior Court*, 27 Cal.App.4th 832 (1999) ........................................... 15

*Semegen v. Weidner*, 780 F.2d at 731 (9th Cir. 1985) ................................................. 10

*Shvarts v. Budget Group, Inc.*, 81 Cal.App.4th 1153, 1157 (2000) ........................... 15

*Smith v. Allstate Ins. Co.,* 160 F. Supp. 2d 1150, 1152 (S.D. Cal. 2001) .................... 12

*Smith v. State Farm Mutual Automobile Ins. Co.*, 93 Cal.App.4th 700, 718 (2001) ................................................................................................................ 16

*Tarmann v. State Farm Mut. Auto. Ins. Co.,* 2 Cal. App. 4th 153, 157 (1991) ........ 13

*U.S. Concord, Inc. v. Harris Graphics Corp.*, 757 F.Supp. 1053 (N.D. Cal. 1991) ................................................................................................................. 12

*Vess v. Ciba-Geigy Corp. U.S.A.*, 317 F.3d 1097, 1107 (9th Cir.2003) ...................... 9

*Vess v. Ciba–Geigy Corp. USA*, 317 F.3d 1097, 1103 (9th Cir. 2003) ..................... 16

*Vess v. Ciba—Geigy Corp. USA*, 317 F.3d 1097, 1106 (9th Cir. 2003) .................... 13

*Walker v. Countrywide Home Loans, Inc.*, 98 Cal.App.4th 1158, 1169 (2002) ....... 15

*Watson Laboratories, Inc. v. Rhone-Poulenc Rorer, Inc.,* 178 F.Supp.2d 1099, 1121 (C.D. Ca. 2001) ........................................................................................ 16

**STATUTES**

Business & Professions Code section 17200 ............................................................... 6

Cal. Bus. & Prof. Code § 17200 ................................................................................ 14

Fed. R. Civ. P. 12(b)(6) ................................................................................................ 8

Fed. R. Civ. P. 8 ........................................................................................................... 8

Fed. R. Civ. P. 9(b) ...................................................................................................... 9

MEMORANDUM IN SUPPORT OF MOTION TO DISMISS OF DEFENDANTS AGA SERVICE COMPANY AND JEFFERSON INSURANCE COMPANY

## 1. **INTRODUCTION**

This action arises from Plaintiff Boris Antl's travel to Chile in 2014, and is based upon a policy of travel insurance which Mr. Antl purchased for that trip. During his travel, on December 7, 2014, Mr. Antl unfortunately suffered a heart attack while in a remote part of the country. He sought assistance at a family clinic in the village of Hornopiren before being transported to Puerto Montt. There, Hospital Puerto Montt was unable to accommodate his condition and arrangements were made for his transfer to a different hospital Clinica de Los Andes, Puerto Montt, where Mr. Antl received medical care. He was discharged on December 13, 2014.

Now, more than seven years after the incident, Mr. Antl sues defendants (who sold or underwrote the subject insurance policy) asserting claims for breach of contract, breach of the implied covenant of good faith and fair dealing, bad faith, fraud, intentional and negligent infliction of emotional distress and violation of Business & Professions Code section 17200.

The Plaintiff has now had three opportunities to plead his fraud-based claims. Following meet and confer of counsel regarding the original complaint, the Plaintiff voluntarily amended his causes of action for fraud and Business & Professions Code violations ("UCL"). Following defendants' successful motion to dismiss these two claims, the plaintiff again amended these causes of action, this time styling his fraud claim as "Deceit/ Intentional Misrepresentation" rather than the prior "Promissory Fraud" claim. In all instances, the UCL claim remained vaguely pled but appears to be based upon the same defective fraud allegations.

///

///

///

-6-
DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS PURSUANT TO FED R. CIV. P. 12(b)(6)

By this motion, defendants respectfully request that the Court dismiss these two defectively pled causes of action without further leave to amend as it is now clear that Plaintiff does not possess facts sufficient to support his claims.

## 2.    STATEMENT OF ISSUES

The issues to be decided by this motion are as follows.

Whether Plaintiff's fraud-based claim (fourth cause of action) fails to set forth the specific facts required and as such, whether it fails to set forth any cognizable legal theory; and

Whether Plaintiff's UCL claim (seventh cause of action) fails to set forth the facts required and as such, whether it fails to alleges facts supporting any cognizable legal theory.

## 3.    STATEMENT OF FACTS

The following is the Plaintiff's version of facts relevant to the Court's inquiry based upon the facts as pled in his second amended complaint ["SAC"].

1. "Around September 2014" Mr. Antl began planning a vacation to Chile. In his planning, he researched providers for emergency health insurance. [SAC, Para. 16].

2. In conducting his research, Mr. Antl reviewed the Allianz website about what policies were available. [SAC, Para 20].

3. Mr. Antl does not recall the exact language of the website [SAC, Para 17].

4. Mr. Antl claims that the website information "represented that the policy he was interested in would provide emergency health care coverage when necessary" during travel and that "the type of care provided" including that it would be "available on an emergency basis" "if the situation arose" were "statements that Mr. Antl relied upon in making his purchase." [SAC, Paras.17, 60]

5. On October 3, 2014, Plaintiff purchased a "Classic Plan" travel insurance policy issued by defendant AGA Service Company ("AGA") underwritten

-7-
DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS PURSUANT TO FED R. CIV. P. 12(b)(6)

by defendant Jefferson Insurance Company ("Jefferson") which policy was in effect October 4, 2014 through January 21, 2015 [SAC, Paras. 1, 18, 19, and Exhibit A to the SAC (Policy)].

## 4. PLEADING AND 12(b)(6) MOTION STANDARDS

A motion to dismiss under Fed. R. Civ. P. 12(b)(6) tests the formal sufficiency of the plaintiff's statement of the claim for relief. The Court's inquiry is whether the allegations state a sufficient claim under Fed. R. Civ. P. 8, which sets forth the requirements for pleading. Under Fed. R. Civ. P. 8(a)(2), a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). In the adjudication of a motion to dismiss under 12(b)(6), plaintiff's allegations must be accepted as true, drawing all inferences from the pleaded facts in plaintiff's favor. *See Parks Sch. of Bus., Inc. v. Symington*, 51 F.3d 1480, 1484 (9th Cir. 1995). To survive a motion to dismiss, the complaint must allege facts that, if true, would create a judicially cognizable cause of action. Only factual allegations must be accepted as true—not legal conclusions. *Iqbal*, 129 S. Ct. at 1949. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* Although detailed factual allegations are not required, the factual allegations "must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Iqbal*, 129 S. Ct. at 1949. "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged–but it has not 'show[n]' – 'that the pleader is entitled to relief.'" *Id.* at 1950. If a plaintiff fails to state a claim, a court need not permit an attempt to amend a complaint if "it determines that the pleading could not possibly be cured by allegation of other facts." *Cook, Perkiss and Liehe, Inc. v. N. Cal. Collection Serv. Inc.*, 911 F.2d 242, 247 (9th Cir. 1990).

-8-
DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS PURSUANT TO FED R. CIV. P. 12(b)(6)

## 5. THE PLAINTIFF'S SECOND AMENDED COMPLAINT FAILS TO CURE THE DEFECTS IDENTIFIED IN THE PRIOR PLEADING

### A. The Requirements of Federal Rule of Civil Procedure 9(b)

Because the two claims at issue are fraud-based, the application of Rule 9(b) is critical to the analysis. Rule 9(b) requires that a plaintiff state a claim for fraud with particularity as follows:

> In alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake. Malice, intent, knowledge, and other conditions of a person's mind may be alleged generally.

Fed. R. Civ. P. 9(b).

A court may dismiss a claim of fraud when its allegations fail to satisfy Rule 9(b)'s heightened pleading requirements. *Vess v. Ciba-Geigy Corp. U.S.A.*, 317 F.3d 1097, 1107 (9th Cir.2003). The Ninth Circuit has confirmed:

> Rule 9(b) demands that, when averments of fraud are made, the circumstances constituting the alleged fraud be specific enough to give defendants notice of the particular misconduct ... so that they can defend against the charge and not just deny that they have done anything wrong. Averments of fraud must be accompanied by the 'who, what, when, where, and how' of the misconduct charged. A plaintiff must set forth more than the neutral facts necessary to identify the transaction. The plaintiff must set forth what is false or misleading about a statement, and why it is false.

*Id.* at 1106 (internal citations and quotation marks omitted).

Under California law, a claim of fraud must have the following elements: "(a) a misrepresentation (false representation, concealment, or nondisclosure); (b) knowledge of falsity (or 'scienter'); (c) intent to defraud, i.e., to induce reliance; (d) justifiable reliance; and (e) resulting damage." *In re Estate of Young*, 160 Cal. App. 4th 62, 79 (2008) (quoting *Lazar v. Superior Court*, 12 Cal. 4th 631, 638 (1996) (internal quotation marks omitted)). Federal Rule of Civil Procedure 9(b) requires that each of these elements be pled with particularity. The Ninth Circuit has "interpreted Rule 9(b) to mean that the pleader must state the time, place and specific content of the false

representations as well as the identities of the parties to the misrepresentation. *Alan Neuman Prods., Inc. v. Albright*, 862 F.2d 1388, 1393 (9th Cir.1988).

"A pleading is sufficient under Rule 9(b) if it identifies the circumstances constituting fraud so that the defendant can prepare an adequate answer from the allegations." *Neubronner v. Milken*, 6 F.3d 666, 671-672 (9th Cir. 1993) (internal quotations omitted; citing *Gottreich v. San Francisco Investment Corp.*, 552 F.2d 866, 866 (9th Cir. 1997)). The Ninth Circuit has explained:

> Rule 9(b) requires particularized allegations of the circumstances *constituting* fraud. The time, place and content of an alleged misrepresentation may identify the statement or the omission complained of, but these circumstances do not "constitute" fraud. The statement in question must be false to be fraudulent. Accordingly, our cases have consistently required that circumstances indicating falseness be set forth. . . . [W]e [have] observed that plaintiff must include statements regarding the time, place, and *nature* of the alleged fraudulent activities, and that "mere conclusory allegations of fraud are insufficient." . . . The plaintiff must set forth what is false or misleading about a statement, and why it is false. In other words, the plaintiff must set forth an explanation as to why the statement or omission complained of was false or misleading. . .

*In Re Glenfed, Inc. Securities Litigation*, 42 F.3d 1541, 1547-1548 (9 Cir. 1994) (en banc) (italics in original) *superseded by statute on other grounds as stated in Marksman Partners, L.P. v. Chantal Pharm. Corp.*, 927 F.Supp. 1297 (C.D. Cal. 1996); *see Cooper v. Pickett*, 137 F.3d 616, 627 (9 Cir.1997) (fraud allegations must be accompanied by "the who, what, when, where, and how" of the misconduct charged); *Neubronner*, 6 F.3d at 672 ("The complaint must specify facts as the times, dates, places, benefits received and other details of the alleged fraudulent activity.")

The Ninth Circuit has instructed that Rule 9(b) requires that "allegations of fraud are specific enough to give defendants notice of the particular misconduct which is alleged to constitute the fraud charged so that they can defend against the charge and not just deny that they have done anything wrong." *Semegen v. Weidner,* 780 F.2d at 731 (9th Cir. 1985). A pleading "is sufficient under Rule 9(b) if

-10-
DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS PURSUANT TO FED R. CIV. P. 12(b)(6)

it identifies `the circumstances constituting fraud so that the defendant can prepare an adequate answer from the allegations.'" *Gottreich v. San Francisco Investment Corp.,* 552 F.2d 866, 866 (9th Cir. 1977) (citation omitted); *see Deutsch v. Flannery,* 823 F.2d 1361, 1365-66 (9th Cir. 1987). The complaint must specify such facts as the times, dates, places, benefits received, and other details of the alleged fraudulent activity. *Semegen,* 780 F.2d at 731; *Gottreich,* 552 F.2d at 867; *see In re Genentech Securities Litigation,* 1990 WL 32070, *4-5 (N.D.Cal. 1990). *Neubronner v. Milken*, 6 F.3d 666, 671-72 (9th Cir. 1993).

### B. Plaintiff's Fourth Cause of Action for Deceit/Intentional Misrepresentation Fails

A review of the second amended complaint reveals that Plaintiff has failed to plead his claim of fraud with sufficient particularity. Mr. Antl states that he "researched" travel insurance "around September 2014" and "reviewed Allainz's [sic] website" [SAC, Para 16, 17]. He admits that he "does not recall the exact language of the website" and he asserts that "the information represented that the policy he was interested in would provide emergency health care coverage when necessary during this travel." [SAC, Para 17]. While admitting that he does not recall the alleged "misrepresentation," he avers that "[t]he representation of the type of care provided-including but not limited to, that it would be available on an emergency basis—were statements that Mr. Antl relied upon in making his purchase" [SAC, Para. 17]. Elsewhere he pleads: "[o]n or about September 2014, Mr. Antl visited Allainz's [sic] website in conducting research for an emergency health care travel coverage insurance plan." [SAC, Para 60]. He alleges that "[o]n Allainz's [sic] website was a representation that coverage would be provided (under the Policy that Mr. Antl ended up purchasing) on an emergency basis if the situation arose" [SAC, Para 60].

Here, Mr. Antl cannot say *when* he accessed the Allianz website which he claims is the source of the misrepresentations upon which he relied. Instead, he pleads "around September 2014" and —"[o]n or about September 2014" [SAC,

-11-

DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS PURSUANT TO FED R. CIV. P. 12(b)(6)

Paras, 16, 60]. This type of vague assertion of timing was found insufficient in *U.S. Concord, Inc. v. Harris Graphics Corp.*, 757 F.Supp. 1053 (N.D. Cal. 1991): "[a]llegations such as '[d]uring the course of discussions in 1986 and 1987,' 'in or about May through December 1987,' and 'May 1987 and thereafter' . . . do not make the grade" under Rule 9(b). *U.S. Concord*, 757 F.Supp. at 1057.

And Mr. Antl admits that he cannot even state the purported misrepresentation about which he sues, to wit: "Mr. Antl does not recall the exact language of the website" [SAC, Para. 17] and he resorts to his vague assertion of coverage under the policy for emergency medical care. The plaintiff must allege a particular false statement to show that it is fraudulent. Further, the case law requires that circumstances indicating falseness be pled. Additionally, "the plaintiff must plead facts explaining why the statement was false when it was made." *Smith v. Allstate Ins. Co.,* 160 F. Supp. 2d 1150, 1152 (S.D. Cal. 2001) (citation omitted). Here, the plaintiff's allegations about the statement are extremely vague and wholly fail to explain how the statement was false when it was made, to wit: "the policy …would provide emergency health care coverage when necessary during this travel" and "that it would be available on an emergency basis" and "emergency health care travel …coverage would be provided …on an emergency basis if the situation arose" [SAC, Paras. 17, 60]. These allegations prove that plaintiff is relying not on any statement of misrepresentation but, rather, on certain policy provisions, confirming that Mr. Antl again pleads nothing more than a breach of contract. This is further verified by the attached policy which, subject to certain exclusions and limitations, provides precisely what plaintiff claims was promised---emergency health care coverage during travel. Plaintiff offers no explanation of how or why the alleged representation was in any way false but instead shows that it was <u>not false</u> by attaching the policy to his SAC.

At Paragraph 62, the Plaintiff concludes "Allainz [sic] made that representation or promise as to its obligation knowing that it was false, or never intended to perform

1  it when it was made." [SAC, Para. 62]. The Plaintiff is obligated to allege facts, not
2  conclusions to support his claim. AGA is entitled to understand what Plaintiff claims
3  was known about the alleged falseness of the purported statement when it was made
4  yet Plaintiff provides nothing about who at AGA authorized and knew that the
5  purported statement was false and who at AGA never intended that the promise
6  would be performed. "The requirement of specificity in a fraud action against a
7  corporation requires the plaintiff to allege the names of the persons who made the
8  allegedly fraudulent representations, their authority to speak, to whom they spoke,
9  what they said or wrote, and when it was said or written." *Tarmann v. State Farm*
10 *Mut. Auto. Ins. Co.,* 2 Cal. App. 4th 153, 157 (1991).   The complaint wholly fails to
11 substantiate the circumstances alleging falseness attributable to AGA.
12        A more fundamental problem is that quite simply, the Plaintiff seeks to
13 disguise a breach of contract claim as a fraud claim. The representation which he
14 asserts was false was a representation of coverage to be provided by the policy.
15 Though the Plaintiff admits that he bought the policy, he does not aver that the policy
16 language was different than that stated in the representation about the coverage that he
17 saw on the website, whatever that was. His claim was that he was induced to buy the
18 policy by the representations [SAC, Para. 63], but he does not say that he received
19 something different or that he received a policy that varied from the website
20 statement. At most, the Plaintiff relied upon the executed policy language which was
21 the precise defect found by the Court in the prior complaint, to wit:
22        "A common gloss on this standard explains that a complaint must detail "the
23 who, what, when, where, and how" of the alleged fraud. See, e.g., *Vess v. Ciba—*
24 *Geigy Corp. USA*, 317 F.3d 1097, 1106 (9th Cir. 2003) (quoting *Cooper v. Pickett,*
25 137 F.3d 616, 627 (9th Cir. 1997)). Antl's complaint does not meet that standard. He
26 alleges he relied on a promise to cover emergency care, but he does not say what was
27 promised, when, and by whom. He refers only to the executed policy's language. See
28 First Am. Compl. ¶¶ 16-23, 57-64. The policy, however, is the alleged result of the

-13-

DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS PURSUANT TO FED R. CIV. P. 12(b)(6)

fraud, not its cause. This claim is dismissed." [Order of July 12, 2022, DOC 15].

Further, at Paragraph 63, Plaintiff pleads that he "reasonably relied upon Allainz"s [sic] promise and representation…and purchased the Policy." [SAC, Para. 63]. But Plaintiff does not explain why the representation was key to his decision to purchase the policy or how he relied on it. This is particularly important because at Paragraph 16, the Plaintiff admits that he "had prior experience with Allainz [sic] as they were a client of a former employer and Mr. Antl trusted in their integrity based on his past experience." [SAC, Para. 16]. Accordingly, he must explain the importance of this representation and the basis for his reliance because the fair implication is that he did not rely upon the representation but rather, upon his past experience and knowledge of AGA.

Similarly, at Paragraph 64, Plaintiff concludes: "Allainz [sic] did not follow through on their obligation, promise or representation" [SAC, Para. 64]. Significantly, Plaintiff does not state that AGA failed to pay his claim for emergency medical expenses incurred while traveling because he knows that he cannot make that statement. What he does say is that AGA "took around five days to approve Mr. Antl's procedure" [SAC, Para. 32]. A delay in performance is not tantamount to a falsity and in fact, the allegation tends to show the opposite, namely, that AGA intended to perform and did perform, albeit slower that Plaintiff wished. Under such circumstances, there is no fraud and Plaintiff cannot offer anything more than conclusions to support the claim, which, of course, the Court must disregard.

Plaintiff's claim for fraud must be dismissed as it is now apparent that he cannot allege sufficient facts as required.

### C. Plaintiff's Seventh Cause of Action for Violation of Business & Professions Code 17200 is Similarly Defective

A section 17200 claim can be based on any conduct that is "unlawful," "unfair" or "fraudulent." Cal. Bus. & Prof. Code § 17200. In his SAC, the Plaintiff does not allege violation of any statute or law or regulation, nor does he even add a

-14-

single new allegation specific to the cause of action. And to the extent he relies upon his allegations of "fraud," his UCL claim fails for the same reasons as the independent fraud cause of action.

"Unfair competition is defined to include 'unlawful, unfair or fraudulent business practice and unfair, deceptive, untrue or misleading advertising.'" *Blank v. Kirwan*, 39 Cal.3d 311, 329 (1985) (quoting Cal. Bus. & Prof. Code, § 17200). The UCL establishes three varieties of unfair competition – "acts or practices which are unlawful, or unfair, or fraudulent." *Shvarts v. Budget Group, Inc.*, 81 Cal.App.4th 1153, 1157 (2000). An "unlawful business activity" includes anything that can properly be called a business practice and that at the same time is forbidden by law. *Blank*, 39 Cal.3d at 329 (citing *People v. McKale*, 25 Cal.3d 626, 631-632 (1979)). "A business practice is 'unlawful' if it is 'forbidden by law.'" *Walker v. Countrywide Home Loans, Inc.*, 98 Cal.App.4th 1158, 1169 (2002) (quoting *Farmers Ins. Exchange v. Superior Court*, 2 Cal.4th 377, 383 (1992)). The UCL prohibits "unlawful" practices "forbidden by law, be it civil or criminal, federal, state, or municipal, statutory, regulatory, or court-made." *Saunders v. Superior Court*, 27 Cal.App.4th 832 (1999). The UCL "thus creates an independent action when a business practice violates some other law." *Walker*, 98 Cal.App.4th at 1169.

According to the California Supreme Court, the UCL "borrows" violations of other laws and treats them as unlawful practices independently actionable under the UCL. *Farmers Ins. Exchange v. Superior Court*, 2 Cal.4th 377, 383 (1992).

To state a claim for an "unlawful" business practice under the UCL, a plaintiff must assert the violation of any other law. *Cel-Tech Commc'ns, Inc. v. Los Angeles Cellular Telephone Co.*, 20 Cal.4th 163, 180 (1999) (stating, "By proscribing 'any unlawful' business practice, section 17200 'borrows' violations of other law and treats them as unlawful practices that the unfair competition law makes independently actionable.") (citation omitted). Where a plaintiff cannot state

-15-
DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS PURSUANT TO FED R. CIV. P. 12(b)(6)

a claim under the "borrowed" law, he cannot state a UCL claim either. See, e.g., *Smith v. State Farm Mutual Automobile Ins. Co.*, 93 Cal.App.4th 700, 718 (2001).

Here, Plaintiff does not articulate any specific law upon which he bases any "unlawful" business practices claim. And Plaintiff failed to add a single allegation to the body of the seventh cause of action, instead relying upon the new allegations of "fraud" contained in Paragraphs 16, 17 and 60, which he incorporates by reference. As such, it is apparent that Plaintiff intends that the UCL claim is a fraud claim, and thus, it is subject to the heightened pleading requirements of Rule 9(b). ). *Vess v. Ciba–Geigy Corp. USA*, 317 F.3d 1097, 1103 (9th Cir. 2003). As already discussed, Mr. Antl's allegations fail to satisfy those requirements.

The "fraudulent" prong under the UCL requires a plaintiff to "show deception to some members of the public, or harm to the public interest," *Watson Laboratories, Inc. v. Rhone-Poulenc Rorer, Inc.,* 178 F.Supp.2d 1099, 1121 (C.D. Ca. 2001), or to allege that "members of the public are likely to be deceived." *Medical Instrument Development Laboratories v. Alcon Laboratories,* 2005 WL 1926673, at 5 (N.D. Cal. 2005). "A plaintiff alleging unfair business practices under these statutes [UCL] must state with reasonable particularity the facts supporting the statutory elements of the violation." *Khoury v. Maly's of California, Inc.*, 14 Cal.App.4th 612, 619, 17 Cal.Rptr.2d 708 (1993). As discussed above, the Plaintiff's attempt to plead fraud falls short.

Any other argument by Mr. Antl that his allegations adequately support a claim for unfair or unlawful conduct under § 17200 also fails. "The proper route is to disregard averments of fraud not meeting Rule 9(b)'s standard and then ask whether a claim has been stated." *Vess*, 317 F.3d at 1104. Disregarding the elements of the second amended complaint that allege fraudulent conduct, all that remains is a naked claim for breach of contract, which, standing alone, is an insufficient basis for a § 17200 claim. *Nat'l Rural Tel. Cooperative. v. DirecTV, Inc.*, 319 F.Supp.2d 1059, 1074-75 (C.D. Cal. 2003) (holding that a breach-of-contract claim can support

a cause of action under § 17200 only "provided it also constitutes conduct that is 'unlawful, or unfair, or fraudulent.'") (citation and internal quotation marks omitted). Accordingly, the 17200 claim is defective on every basis and should be dismissed without leave to amend.

### 6. CONCLUSION

Based on the forgoing, defendants respectfully urge the Court to dismiss the Plaintiff's fourth and seventh causes of action in their entirety. Having had an opportunity to amend his complaint and failing to cure the deficiencies, it is clear that further leave to amend is useless and that dismissal of the action is correct and appropriate.

Dated:  August 16, 2022               WFBM, LLP

By: _____
HELEN M. LUETTO
MARLENE K. FLORES
Attorneys for Defendants, AGA SERVICE COMPANY and JEFFERSON INSURANCE COMPANY

# PROOF OF SERVICE

**Antl, Boris v. AGA Service Company and Jefferson Insurance Company**
**Case No. 2:22-cv-00504-KJM-AC**

**STATE OF CALIFORNIA, COUNTY OF ORANGE**

At the time of service, I was over 18 years of age and not a party to this action. I am employed in the County of Orange, State of California. My business address is 19900 MacArthur Blvd., Suite 1150, Irvine, CA 92612-2445.

On August 16, 2022, I served true copies of the following document(s) described as **DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS PURSUANT TO FED R. CIV. P. 12(B)(6); DECLARATION OF HELEN M. LUETTO IN SUPPORT THEREOF; AND (PROPOSED) ORDER THEREON** on the interested parties in this action as follows:

**SEE ATTACHED SERVICE LIST**

**BY CM/ECF NOTICE OF ELECTRONIC FILING:** I electronically filed the document(s) with the Clerk of the Court by using the CM/ECF system. Participants in the case who are registered CM/ECF users will be served by the CM/ECF system. Participants in the case who are not registered CM/ECF users will be served by mail or by other means permitted by the court rules.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on August 16, 2022, at Orange, California.

_____
Lissa Maldonado

**SERVICE LIST**
**Antl, Boris v. AGA Service Company and Jefferson Insurance Company**
**Case No. 2:22-cv-00504-KJM-AC**

| | |
|---|---|
| Todd A. Boock, Esq.<br>Ryan B. Abbott, Esq.<br>Kete P. Barnes, Esq.<br>BROWN, NERI, SMITH & KHAN, LLP<br>11601 Wilshire Blvd., Ste. 2080<br>Los Angeles, CA 90025<br>Tel.: (310)593-9890<br>E-mail: todd@bnsklaw.com<br>kete@bnsklaw.com<br>ryan@bnsklaw.com | Attorneys for Plaintiff, BORIS ANTL |

-2-
DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS PURSUANT TO FED R. CIV. P. 12(b)(6)

6277183.1
4657-3.5980