1

2

3

4

5

6

7

8                     UNITED STATES DISTRICT COURT

9               FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   Boris Antl,                              No. 2:22-cv-00504-KJM-AC

12                    Plaintiff,              ORDER

13        v.

14   AGA Service Co. & Jefferson Insurance Co.,

15                    Defendants.

16

17

18          For the second time, defendants AGA Service Company and Jefferson Insurance

19   Company move to dismiss plaintiff Boris Antl's fraud and California Unfair Competition Law

20   (UCL) claims.  For the reasons below, the court now **grants** defendants' motion **without leave to**

21   **amend.**

22   **I.      BACKGROUND**

23          The court previously granted defendants' motion to dismiss Antl's fraud and UCL claims

24   because he did not allege "what led him to buy insurance from [defendants]."  Prev. Order at 3–4,

25   ECF No. 15.  Antl now adds the following allegations.  Before his trip to Chile, Antl visited

26   AGA's website because he was interested in purchasing a travel insurance plan with emergency

27   healthcare coverage.  Second Am. Compl. (SAC) ¶¶ 16, 60, ECF No. 20.  He "does not recall the

28   exact language of the website," but it represented AGA's policy would provide emergency

1

healthcare coverage. *Id.* ¶ 17. Based on this representation, Antl purchased AGA's policy underwritten by Jefferson. *Id.* ¶ 18. But defendants "made that representation . . . knowing [ ] it was false, or never intended to perform when it was made," *id.* ¶¶ 62, 64; their untimely payment for Antl's emergency surgery in Chile caused permanent damage to his heart, *id.* ¶¶ 30–33.

As noted, defendants move to dismiss Antl's fraud and UCL Claims. Mot., ECF No. 21. Antl opposes. Opp'n, ECF No. 22. Defendants have replied. Reply, ECF No. 25. The court submitted the matter without a hearing. Min. Order, ECF No. 26.

## II.    LEGAL STANDARD

A party may move to dismiss for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). The motion may be granted only if the complaint lacks a "cognizable legal theory" or if its factual allegations do not support a cognizable legal theory. *Hartmann v. Cal. Dep't of Corr. & Rehab.*, 707 F.3d 1114, 1122 (9th Cir. 2013). The court assumes all factual allegations are true and construes "them in the light most favorable to the nonmoving party." *Steinle v. City & County of San Francisco*, 919 F.3d 1154, 1160 (9th Cir. 2019) (citation omitted). If the complaint's allegations do not "plausibly give rise to an entitlement to relief," the motion must be granted. *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

A complaint ordinarily needs contain only a "short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), not "detailed factual allegations," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). But when a plaintiff claims to have been defrauded, the complaint "must state with particularity the circumstances constituting fraud." Fed. R. Civ. P. 9(b). Here, Antl's fraud and UCL claims are subject to this pleading standard. *See Kearns v. Ford Motor Co.*, 567 F.3d 1120, 1127 (9th Cir. 2009).

"Particularity," as that word is used in Rule 9(b), means the complaint must explain the circumstances of the alleged fraud specifically enough to give the defendants "notice of the particular misconduct" so "they can defend against the charge and not just deny that they have done anything wrong." *Id.* at 1124 (quoting *Bly-Magee v. California*, 236 F.3d 1014, 1019 (9th Cir. 2001)). A common gloss on this standard explains that a complaint must detail "the who, what, when, where, and how" of the alleged fraud. *See, e.g., Vess v. Ciba–Geigy Corp. USA*,

1   317 F.3d 1097, 1106 (9th Cir. 2003) (quoting *Cooper v. Pickett*, 137 F.3d 616, 627 (9th Cir.

2   1997)).

3   **III.   ANALYSIS**

4     Antl's fraud and UCL claims cannot proceed because he has insufficiently pled

5   defendants' intent to defraud.

6     An intent to defraud is an element of a fraud claim.  *See In re Estate of Young*,

7   160 Cal. App. 4th 62, 79 (2008).  The same is true for Antl's UCL claim, which is based on his

8   fraud claim.  *See* Prev. Order at 4; *Cel-Tech Comm., Inc. v. Los Angeles Cellular Tel. Co.*,

9   20 Cal.4th 163, 180 (1999) ("[UCL] 'borrows' violations of other laws and treats them as

10   unlawful practices . . .).  "Although intent can be averred generally under Rule 9(b), a plaintiff

11   must point to *facts* which show that defendant harbored an intention not to be bound by terms of

12   the contract at formation."  *Hsu v. OZ Optics Ltd*., 211 F.R.D. 615, 620 (N.D. Cal. 2002)

13   (emphasis in original).  "In so differentiating a false promise from the great bulk of broken

14   promises, the allegations necessary to show contemporaneous intention not to perform should be

15   clear, specific, and unequivocal."  *Hill Transp. Co. v. Sw. Forest Indus, Inc*., 266 Cal. App. 2d

16   702, 708 (1968).  Such allegations require "something more" than mere non-performance of a

17   contract.  *Wright v. Ocwen Loan Servicing, LLC*, 2010 WL 11556696, at *7 (C.D. Cal. Sept. 22,

18   2010).

19     Here, Antl does not plead "something more" than defendants' breach of contact.  He

20   merely alleges defendants untimely paid for his emergency surgery, in violation of the terms of

21   the policy.  SAC ¶¶ 30–33, 64.  These kind of allegations do not show "defendant[s] harbored an

22   intention not to be bound by terms of the contract *at formation*."  *Hsu*, 211 F.R.D. at 620

23   (emphasis added).  Although Antl alleges defendants never intended to perform their promise, *see*

24   SAC ¶ 62, this conclusory recitation of the element is insufficient to survive defendants' motion

25   to dismiss, *see Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555).  Antl may instead

26   attempt to prove defendants' broken promises through his contract claim.

27     Because it is now clear Antl does not possess facts sufficient to support his fraud and UCL

28   claims, the court **grants** defendants' motion to dismiss these two claims **without leave to amend**.

1    *See DCD Programs, Ltd. V. Leighton*, 833 F.2d 183, 186 n.3 (9th Cir. 1987) ("[A] district court's

2    discretion over amendments is especially broad 'where the court has already given a plaintiff one

3    or more opportunities to amend his complaint . . . .'" (quoting *Mir v. Fosburg*, 646 F.2d 342, 347

4    (9th Cir. 1980)).

5    **IV.    CONCLUSION**

6          For the reasons above, the court **grants** defendants' motion to dismiss plaintiff's claims

7    four and seven **without leave to amend.**

8          This order resolves ECF No. 21.

9          IT IS SO ORDERED.

10    DATED:  November 3, 2022.

11

CHIEF UNITED STATES DISTRICT JUDGE

4