Ryan B. Abbott (SBN 281641)
ryan@bnsklaw.com
Kete P. Barnes (SBN 302037)
kete@bnsklaw.com
**BROWN NERI SMITH & KHAN LLP**
11601 Wilshire Boulevard, Suite 2080
Los Angeles, California 90025
Telephone: (310) 593-9890

Attorneys for Plaintiff,
Boris Antl

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BORIS ANTL, an individual;<br><br>        Plaintiff,<br><br>v.<br><br>AGA SERVICE COMPANY, a Virginia Corporation; JEFFERSON INSURANCE COMPANY, a Virginia Corporation, and DOES 1-10, inclusive,<br><br>        Defendants. | Case No. 2:22-cv-00504-KJM-AC<br><br>**STIPULATION AND [PROPOSED] PROTECTIVE ORDER** |

63243371.1
4657-3.5980

1

Pursuant to Local Rule 141.1 and Federal Rule of Civil Procedure 26, Plaintiff Boris Antl and Defendants AGA Service Company and Jefferson Insurance Company, by and through their counsel of record, submit this Stipulation and Proposed Protective Order to govern the protection of documents disclosed in this proceeding.

IT IS HEREBY STIPULATED that the documents, testimony, or information (the "Material(s)") described herein may be designated as "Confidential" and produced subject to the following Protective Order:

1.  Categories of documents, testimony, or information described as:

    a.  Medical records of Mr. Antl;

    b.  Documents and communications discussing or referring to Mr. Antl's private medical information;[1]

    c.  Proprietary business records of AGA and Jefferson Insurance Company and any affiliated companies or entities;

2.  The portions designated as "Confidential" contain information that is not available to the public and are the types of records and information which the parties have a privacy interest in.

3.  A court approved protective order is appropriate pursuant to Local Rule 141.1 because certain relevant documents will be exchanged and disclosed among the parties and contain either private, confidential, or proprietary business information.

4.  The disclosure of Materials shall be used solely in connection with this proceeding, *Boris Antl v. AGA Service Company, et al.*, Case No. 2:22-cv-00504-KJM-AC, in the preparation of and for trial. The parties reserve the right to object to the admissibility of any Materials or portions of Materials in future proceedings in this case.

5.  A party may only designate as "Confidential" any Materials or portion which it has determined in good faith to be: (a) confidential or potentially invasive of an individual's or corporation's privacy interests; (b) not generally known or available to the public or which are

---

[1] To be clear, only actual information of his medical records or information would be redacted from said documents.

subject to confidentiality obligations; (c) not normally revealed to the public or third parties, or if disclosed to third parties, such that third parties would be required to maintain the information in confidence. By designating Materials or portion as "Confidential," the party making the designation avers that it can and would make a showing to the Court sufficient to justify entry of a protective order covering that information under Federal Rule of Civil Procedure 26 and Local Rule 141.1.

6.      A party producing the Materials described herein may designate those Materials as confidential by affixing a mark labelling them "Confidential" provided that such marking does not obscure or obliterate the content of any record. If any Confidential Materials cannot be labelled with this marking, those Materials shall be placed in a sealed envelope or other container that is in turn marked "Confidential" in a manner agreed upon by the disclosing and requesting parties.

7.      Any Materials that may be produced by a non-party witness in discovery in the proceeding pursuant to subpoena or otherwise may be designated by such non-party as "Confidential" under the terms of this Stipulated Protective Order, and any such designation by a non-Party shall have the same force and effect, and create the same duties and obligations, as if made by one of the undersigned parties hereto. Any such designation shall also function as a consent by such producing party to the authority of the Court in the Proceeding to resolve and conclusively determine any motion or other application made by any person or party with respect to such designation, or any other matter otherwise arising under this Stipulated Protective Order

8.      A party may apply to the Court for an order challenge the propriety of another's party's designation of "Confidential" Materials. Prior to applying to the Court for such an order, the party seeking to reclassify Confidential Materials shall meet and confer with the producing party. Until the matter is resolved by the parties or the Court, the Materials in question shall continue to be treated according to its designation under the terms of this Stipulated Protective Order. The producing party shall have the burden of establishing the propriety of the "Confidential" designation. A party shall have the burden of establishing the propriety of a

confidentiality designation at the time made and a failure to do so shall not preclude a subsequent challenge thereto.

9.     Materials designated under this Stipulated Protective Order as "Confidential" may only be disclosed to the following persons:

a.  All counsel of record and attorneys in the offices of counsel in this action;

b.  Paralegal, clerical, and secretarial personnel regularly employed by counsel referred to in subdivision (a) above, including stenographic deposition reporters or videographers retained in connection with this action;

c.  Court personnel, including stenographic reporters or videographers engaged in proceedings as are necessarily incidental to the preparation for trial;

d.  Any expert, consultant, or investigator retained in connection with this action;

e.  The finder of facts at the time of trial, subject to the court's rulings on in limine motions and objections of counsel;

f.  Witnesses during depositions in this action; and

g.  The parties to this action.

10.     Prior to the disclosure of any Materials designated as "Confidential" to any person identified in paragraph 9 above (with the exception of the Court and its personnel), each such recipient shall be provided with a copy of this Stipulated Protective Order and shall review it, and will be required to sign the acknowledgement and agreement to be bound by it that is attached as **Exhibit A**.

11.     If any Confidential Material or information is used in any deposition or other proceeding it shall not lose its confidential status through such use. For any Material designated as "Confidential" to be used in a deposition, that portion of the deposition record shall also be designated as "Confidential" and access to that portion of the deposition transcript shall also be limited according to the terms of this Stipulated Protective Order. The court reporter will be directed to bind those portions of the transcript that contain discussion of the contents of the Confidential Material separately. The cover of any portion of a deposition transcript that contains testimony or documentary evidence that has been designated Confidential, including exhibits

designated as "Confidential," will be marked: CONFIDENTIAL/SUBJECT TO PROTECTIVE ORDER.

12.     The inadvertent production by any of the undersigned parties or non-parties to this proceeding of any Material during discovery without a "Confidential" designation shall be without prejudice to claim that such item is "Confidential" and such producing party shall not be held to have waived any rights by such inadvertent production. In the event that any Material subject to a "Confidential" designation is inadvertently produced without designation, the producing party shall be given written notice of such inadvertent production within twenty (20) days of discovery of the inadvertent production, together with a copy of the subject Material to be designated as "Confidential" (the "Inadvertent Production Notice"). Upon receipt of such Inadvertent Production Notice, the Party that received the inadvertently produced Material shall promptly destroy the inadvertently produced Material and all copies thereof, or, at the expense of the producing Party, return such together with all copies of such Material to counsel for the producing Party and shall retain only the "Confidential" designated production. If the receiving Party chooses to destroy such inadvertently produced Material, that party shall notify the producing party in writing of the destruction within ten (10) days of receipt of the Inadvertent Production Notice. This provision is not intended to apply to any inadvertent production of any information protected by attorney-client or work product privileges.

13.     Should any Materials designated as "Confidential" be disclosed, through inadvertence or otherwise, to any person not authorized to receive the Materials under this Protective Order, the disclosing person(s) shall promptly: (a) inform the producing party of the recipient(s) and the circumstances of the unauthorized disclosure, and (b) use best efforts to bind the recipient(s) to the terms of this Protective Order. No Material shall lose its Confidential status because it was inadvertently or unintentionally disclosed to a person not authorized to receive it under this Protective Order.

14.     If any Party intends to use Confidential Material in a Court filing, at least fourteen (14) days' notice shall be given to all parties identifying the Confidential Material that the party intends to utilize. In the event that a party believes that the Confidential Material intended to be

used should be filed under seal, then it shall be the burden of the party desiring that the material be filed under seal to make that request to the Court. Plaintiff and Defendants shall comply with the requirements of Eastern District Local Rule 141. The parties agree a request to file under seal or remove the designation of Confidential Information may be heard on shortened time and/or by telephone conference under the applicable sealing standard.

15. This Stipulated Protective Order is entered for the purpose of facilitating the exchange of Material between the parties to this action without involving the Court unnecessarily in the process. Nothing in this Stipulated Protective Order, or the production of any Material under the terms of this Order, shall be deemed to have the effect of an admission or waiver by either party or of altering the confidentiality or non-confidentiality of any such Material.

16. After the conclusion of this litigation, all Confidential Material, in whatever form or reproduced, will remain confidential. All Material produced pursuant to this Protective Order shall be destroyed or returned to counsel for the producing party in a manner in which counsel will be able to reasonably verify that all Material was returned. All parties agree to ensure that Confidential Material disclosed to other persons shall be destroyed or returned to counsel for the producing party. "Conclusion" of this litigation means a termination of the action following a trial (any subsequent appeal) or settlement, and entry of an order, judgment, or decree terminating this action.

17. After this Stipulated Protective Order has been signed by counsel for all parties, it shall be presented to the Court for entry. Counsel agree to be bound by these terms set forth with regard to any Confidential Material that has been produced before the Court signs this Stipulated Protective Order.

/ / /

/ / /

/ / /

63243371.1
4657-3.5980

6

SO STIPULATED.


Dated: April 28, 2023                    **BROWN NERI SMITH & KHAN, LLP**


                                         By:  /s/ Ryan Abbott
                                              Ryan Abbott

                                         *Attorneys for Plaintiff*
                                         *Boris Antl*


Dated: April 28, 2023                    **WFBM, LLP**


                                         By:  /s/ Helen M. Luetto
                                              Helen M. Luetto

                                         *Attorneys for Defendants*
                                         *AGA Service Company and Jefferson Insurance Co.*


       The Parties' stipulation is approved.

       **SO ORDERED.**


Dated: _____


                                         _____
                                         United States District Judge


63243371.1
4657-3.5980                              7

**EXHIBIT A**

I have read the Protective Order that applies in *Boris Antl v. AGA Service Company, et al.*, Case No. 2:22-cv-00504-JKM-AC (USDC EDCA) and shall abide by its terms. I consent to be subject to the jurisdiction of the United States District Court for the Eastern District of California, including without limitation in any proceeding for contempt.


Dated: _____          By: _____


63243371.1
4657-3.5980

8