UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Boris Antl, | No. 2:22-cv-00504-KJM-AC |
| Plaintiff, | ORDER |
| v. | |
| AGA Service Company, et al., | |
| Defendants. | |

      Helen Luetto, counsel for defendant AGA Service Company, requests permission to appear remotely at the December 8, 2023 hearing on AGA's motion for summary judgment. ECF No. 43. Ms. Luetto's request is based on "the time and expense associated with travel from Orange County to Sacramento" and Ms. Luetto's representation of another client in an ongoing trial in state court. *See* Luetto Decl., ECF No. 43-1. But according to Ms. Luetto, that trial will be "dark" on December 8, the day of the hearing in this case. *Id.* ¶ 3. Her request is unopposed.

      This court "strongly prefers in-person oral argument for civil law and motion practice; attorneys appearing in person are often better prepared, more professional and answer the court's questions more thoroughly without talking over others." Chief Judge Kimberly J. Mueller Civil Standing Order ¶ 4.E.[1]  "[T]he court will consider requests for virtual appearance if supported by

---

[1] https://www.caed.uscourts.gov/caednew/index.cfm/judges/all-judges/5020/civil-standing-order/

a verified showing of hardship, such as health concerns or an unreasonable increase in litigation costs." *Id.*

The ordinary costs of litigation, such as travel within California to appear at a hearing, are not a "hardship" in this case. The court also declines to grant counsel's request based on the ongoing trial in state court. Two other attorneys at Ms. Luetto's firm are listed as counsel for AGA on its pending motion for summary judgment, and she does not explain why one of these attorneys could not represent AGA at the hearing on its pending motion if the state court trial will impose too heavy a demand on her time.

The request to appear remotely (ECF No. 43) is denied.

IT IS SO ORDERED.

DATED: November 29, 2023.

_____
CHIEF UNITED STATES DISTRICT JUDGE